IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

Tamika Jackson                                    CASE NO.
17703 Libby Rd., Suite 8
Maple Heights, Ohio 44137

      Plaintiff                          JUDGE

VS

COSTCO                                            COMPLAINT
1409 Golden Gate Blvd.
Mayfield Hts., OH 44483                           (JURY DEMAND ENDORSED)

I
PRELIMINARY STATEMENT

1   This complaint is for Federal employment discrimination and state violations resulting
    from the discriminatory conduct of the defendant COSTCO in violation of the laws and
    statutes of the State of Ohio and the constitution of the United States resulting in the
    deprivation of federal and state guaranteed and protected rights all pursuant to Title VII.

2   The Defendant was deliberately indifferent to the Plaintiffs rights causing the Plaintiff
    both serious and permanent harm in violation of Plaintiff's first and fourteenth
    amendment rights.

3   Each, and every, allegation and/or statement of fact contained herein is incorporated
    throughout and within every Count of the Complaint and therefore need not be
    repetitively stated.

## II
## JURISDICTION

4   Venue is properly situated in this district under 42 USC 2000e-5 due to Plaintiff's allegations of unconstitutional employment discrimination was committed within the jurisdiction of this Court.

5   Plaintiff is an employee within the meaning of Title VII and is a member of a protected class, a black female, under the statute.

6   Plaintiff, at all times relevant herein, was a resident of Cuyahoga County, State of Ohio. (hereinafter "Jackson")

7   Defendant is an employer, within the meaning of Title VII, which is engaged in interstate commerce and possesses more than the requisite employees and statutory requirements for the initiating of this suit.

8   Plaintiff has timely filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC") and files this complaint within ninety (90) from the receipt of the Notice of Right to Sue issued from the EEOC, a copy of which is attached hereto as Exhibit A.

9   Plaintiff asserts State law claims under the Ohio law, statutes and common law


## III
## FACTS

10  Each and every fact and allegation contained herein is incorporated into each count as if fully rewritten herein.

11  Mike Gibson is the General Manager of the COSTCO at which the plaintiff was employed and had the authority to institute adverse employment actions against the Plaintiff including, but not limited to, the termination of her employment.

12  Plaintiff *Tamika Jackson* is a *Black female* and a resident of Cuyahoga County and the State of *Ohio*. Plaintiff began *her* employment with the defendant on 10/03/02, and was employed by defendant COSTCO until 08/01/2020. At the time of her discharge plaintiff worked in the capacity of a forklift operator in the merchandising department.

13  During the entire period of plaintiff's employment, the plaintiff's work was highly acceptable and satisfactory.

14  On July 26, 2020 Tamika was counseled for allegations of violations of COSTCO policy No. 15, grazing.

15  Subsequently, on August 1, 2020, defendant COSTCO, through its General Manager Mike Gibson, discharged plaintiff for "Disobedience of Company Rules".

16  At all time during plaintiff's employ by defendant Plaintiff had received satisfactory performance evaluations and there were only two (2) non-related attendance complaints of her job performance.

## COUNT I
## DISPARATE TREATMENT UNDER TITLE VII

17  The allegations contained in Paragraphs 1 through 16 are hereby restated and incorporated herein by reference.

18  Plaintiff, as a black employee, was treated in a disparate manner and subjected to defendant's unfair policies and practices in that plaintiff was treated unequal and unlike white employees similarly situated with the defendant.

19  The unfair policies and practices both limited plaintiff in her job classifications, job assignments, wages and other benefits because of plaintiff's race and further resulted in her discharge from employment on or about August 1, 2020.

20  Defendant denied equal employment opportunities to plaintiff because of plaintiff's race, namely:

A. The reason given for plaintiff's discharge was a mere pretext for unlawful discrimination in that the conduct alleged was not in violation of company policy.

B. The defendant has shown discriminatory bias in regard to the distribution of job assignments.

C. Defendant, did not discharge similarly situated white employees who engaged in, or alleged to have engaged in, the same conduct for which the Plaintiff was terminated.

D. The alleged event of grazing as defined in the company policy, in fact, never took place and this fact was known to defendant and at the time of plaintiff's discharge.

21  As a result of defendant's policies and practices, plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of *her* race.

22  As a further result of defendant's above stated actions, plaintiff has been, is being and will be deprived of income in the form of wages and prospective retirement benefits, social security and other benefits, promotion opportunities and job assignments due to plaintiff as an employee, but denied because of *her* race in an amount to be proven at trial.

23  Plaintiff is now suffering and will continue to suffer irreparable injury from defendant's policies, practices, customs, and usages as set forth herein.

## COUNT II

## RACE DISCRIMINATION / STATE LAW CLAIM

24  The allegations contained in Paragraphs 1 through 23 are hereby restated and incorporated herein by reference.

25  Under Ohio law, it is an unlawful discriminatory practice for any employer, because of the race, sex, national origin, handicap, age or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions or privileges of employment, or any matter, directly related to employment and by virtue of the wrongful discharge of Plaintiff, Defendant COSTCO has violated Ohio state statutes prohibiting race discrimination.

26  As a direct and proximate result of the unlawful discriminatory misconduct of the Defendant, Plaintiff has suffered compensatory damages, including loss of income, benefits, extreme mental anguish, out of pocket expenses, in excess of fifty thousand ($50,000.00) dollars, according to proof at trial.

## COUNT III

## TORTIOUS WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY AGAINST RACE DISCRIMINATION

27  The allegations contained in Paragraphs 1 through 26 are hereby restated and incorporated herein by reference.

28  Plaintiff is an African-American female and as such is protected by a clearly stated public policy, which is manifested by state and federal statutes which prohibits race discrimination and harassment in employment,

29  The tortious wrongful discharge of Plaintiff, as described herein, jeopardizes this public policy,

30  The tortious wrongful discharge of the Plaintiff was based upon racially-motivated animosity, which is related to this public policy designed to protect and safeguard African-American work,

31  Defendant COSTCO did not have an overriding, legitimate business justification for the discharge of Plaintiff,

32  As a direct and proximate result of the race-based animus of the Defendant, and the tortious wrongful discharge, in violation of the clearly stated public policy which prohibits race discrimination, Plaintiff  is entitled to recover compensatory damages, in excess of fifty thousand dollars, for her loss of income, benefits, anxiety, emotional anguish and distress, financial hardship and other additional compensable losses from the Defendant.

33  As a direct and proximate result of the willful and wanton race discrimination, and the tortious wrongful discharge, the Plaintiff is entitled to recovery of punitive damages from this Defendant to deter such misconduct in the future and to punish the wrongdoing of the Defendant.

## COUNT VII
## DAMAGES

34  The allegations contained in Paragraphs 1 through 33 are hereby restated and incorporated herein by reference.

35  As a direct and proximate consequence of the acts and conduct of the Defendant, Plaintiff suffered the following injuries and damages:

a.  Plaintiff was wrongfully discharged from her employment with the defendant,

b.  Despite her best-efforts Plaintiff has failed to secure comparable employment, duties or pay

c.  Plaintiff has lost her retirement benefits and other benefits which would have accrued from her continued employment with the Defendant had she not been wrongfully terminated.

d.  Plaintiff has lost her medical and other employment benefits to which she was otherwise entitled had she not been wrongfully discharged

e.  Plaintiff seeks all lost wages and benefits and reinstatement to the duties and responsibilities possessed prior to her wrongful termination

f.  Plaintiff has suffered emotional distress and mental anguish

### *PRAYER FOR RELIEF*

Wherefore, Plaintiff makes her demand to this Court for the following judgment against the Defendant:

a.  Monetary judgment in an amount exceeding $50,000.00 for back pay, front pay lost wages and benefits and any and all compensatory damages which are appropriate and to which the Plaintiff would be entitled and other additional out-of-pocket expenses, according to proof at trial.

b.  Pre-judgment interest on lost wages and benefits

c.  Post-judgment interest on all sums awarded, including attorney fees

d.  Reasonable attorney fees and the cost of prosecuting her claims

e.  Any and all other remedies under equity or law to which the Plaintiff is entitled and all other relief that the Court deems appropriate.

Respectfully submitted:

/s/ Gilbert W.R. Rucker, III

Gilbert W.R. Rucker, III, Esq. (0034535)
1569 Woodland St.NE, Suite 10
Warren, Ohio 44483
330/392-8392 ofc
330/399-5172 fax
330/647-0855 cell
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a jury of the maximum number of jurors allowed by law.

/s/ Gilbert W.R. Rucker, III

Gilbert W.R. Rucker, III

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tamika M. Jackson<br>17703 Libby rd<br>Apt. 8<br>Maple Heights, OH 44137 | From: | Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **532-2020-02549** | Rayna Phelps,<br>**Enforcement Intern** | **(216) 306-1145** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Karen McDonough* (signature)          08/27/2020

| | |
|---|---|
| Enclosures(s) | |
| | **Karen McDonough,**<br>**Acting Director** | *(Date Mailed)* |

cc:
**Kyle Hofman, Personnel Manager**
**COSTCO**
**999 Lake Drive**
**Issaquah, WA 98027**